**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DENG DHIEU KUACH DENG,<br><br>Petitioner,<br><br>v.<br><br>DAVID WESLING, Director, Boston Field Office, ICEERO; ASSISTANT DIRECTOR HARTFORD FIELD OFFICE ENFORCEMENT AND REMOVAL OPERATIONS; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States.,<br><br>Respondents. | Civil Action No. 26-CV-14165-AK |

**MEMORANDUM AND ORDER ON PETITIONER'S HABEAS PETITION, EMERGENCY MOTIONS FOR RELEASE, AND EMERGENCY MOTION FOR STATUS CONFERENCE**

**ANGEL KELLEY, D.J.**

Before the Court is Petitioner's Petition for a Writ of Habeas Corpus [Dkt. 1], two Emergency Motions for Immediate Release [Dkts. 19; 28], and an Emergency Motion for a Status Conference [Dkt. 36].

Petitioner is a 19-year-old student and national of South Sudan, who was admitted to the United States as a minor on an F-1 student visa, and has a valid Employment Authorization Document and an asylum application pending before USCIS. [Dkt. 1]. Petitioner was detained on September 4, 2026 at Tweed New Haven Airport as he boarded a domestic flight. [Id.]. The arresting officers allegedly informed Petitioner that he was in violation of his Temporary

Protected Status ("TPS"), even though he has never had TPS. [Id.]. Respondents allege that a Warrant for Petitioner's detention was issued on September 3, 2026 and a Notice to Appear ("NTA") was issued on September 4, 2026. [Dkt. 34-1]. The NTA states that Petitioner failed to maintain status or to comply with the conditions of his status and notes that his student visa was terminated on August 19, 2026. [Id.].

On September 4, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus in the District of Connecticut. [Dkt. 1]. On September 8, 2026, the first possible date after Petitioner's detention, Petitioner submitted a bond request through EOIR Courts and Appeals System ("ECAS"). [Dkt. 37]. Petitioner was informed that he had to re-file as a pre-NTA request. [Id.]. That same day, after the Connecticut court determined that jurisdiction was proper in Massachusetts, the case was ordered transferred to this Court. [Dkt. 14].

Petitioner refiled his request for a bond hearing on September 9, 2026, received an automated rejection minutes later, and re-filed a third time that same day. [Dkt. 37]. Petitioner's counsel then called the Immigration Court repeatedly on September 10, 11, and 14. [Id.]. On September 14 at 4:42 p.m., Petitioner's request for a bond hearing was denied on the ground that "THERE IS AN NTA." [Id.]. After this denial, Petitioner immediately filed another request as a bond redetermination request associated with the newly docketed NTA. [Id.]. That request remains pending, and no bond hearing has been scheduled. [Id.].

On September 10, 2026, Petitioner filed his first Motion for Immediate Release from Detention [Dkt. 19], followed by another request on September 14, 2026 [Dkt. 28]. On September 14, 2026, the Court scheduled a hearing for September 16, 2026. [Dkt. 30]. That same day, Respondent's filed their Response to the Petition. In their Response, Respondents admitted that Petitioner is discretionarily detained under 8 U.S.C. § 1226(a) and eligible for a

bond hearing but argued that Petitioner should not be immediately released largely because he has not exhausted his administrative remedies and never requested a bond hearing. [Dkt. 34]. This assertion was proven incorrect. In fact, Petitioner repeatedly attempted to obtain a bond hearing.

Additionally, at the September 16, 2026 hearing, the parties informed the Court that the incorrect NTA had been filed in Petitioner's case. As a result, the immigration courts do not have jurisdiction over Petitioner's case until the correct NTA is processed.

In light of the government's multiple errors in processing and mismanagement of Petitioner's detention and Petitioner's repeated, denied requests for a bond hearing, as well as Petitioner's discretionary detention, lack of any criminal history, current employment authorization, and significant ties to the community, Petitioner's Emergency Motions for Immediate Release [Dkts. 29; 28] are **GRANTED**. As the Court already scheduled the September 16, 2026 hearing at the time of filing, Petitioner's Motion for an Emergency Status Conference [Dkt. 36] is **DENIED** as moot. Petitioner shall be immediately released from ICE custody with all of his personal belongings. Within one business day, Respondents shall provide a status report confirming compliance with this order.

**SO ORDERED.**

Dated: September 16, 2026

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge